UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN L. MILANO,

    Plaintiff,

-vs-                                                Case No. 3:18-cv-598-J-34JBT

TD BANK USA, N.A.,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant, TD Bank USA, N.A.'s Motion for Permanent Injunction for Order Barring Relitigation (Doc. 28; Motion) filed on September 6, 2018. Plaintiff, John L. Milano ("Milano"), filed Plaintiff's Response to Defendant's Motion for Order Barring Relitigation (Doc. 29; Response) on September 10, 2018. Accordingly, this matter is ripe for review.

Milano initiated this action in the County Court, for the Fourth Judicial Circuit in and for Duval County, Florida on April 23, 2018, Milano v. TD Bank USA, N.A., No. 16-2018-SC-004398-XXXX-MA (Fla. Cnty. Ct., Duval Cnty.). See Complaint for Declaratory Judgment (Doc. 2; Complaint) at 1. In the Complaint, Milano seeks relief for TD Bank's alleged denial of his rights when it "Prematurely without merit, Charged off the Plaintiff's credit card accounts under #'s ending in 8196, $2,136.00 and #'s ending in 1328, $308.00, denied of billing statements, failure to reactivate credit card accounts."[1] Id. at

---

[1] The Court sets forth verbatim quotations from Milano's filings. As such, all grammatical and typographical errors are in the original filing.

1

1, 7.  As relief, he "seeks the removal of charge off status with the major credit reporting agencies.  (Equifax, Transunion and Experian), thus seeks a Declaratory Judgement, respectively totaling $2,444.00."  Id.  After receiving a copy of the Complaint from Milano, TD Bank removed the action to this Court.  See Notice of Removal (Doc. 1; Notice).  In response, Milano filed what he titled as a "Motion to Dismiss" in which he sought to have the Court remand the action to the Duval County Court where he had initiated it.  See Motion to Dismiss (Doc. 4; Remand Motion).  However, on June 12, 2018, when Milano appeared at a Preliminary Pretrial Conference as ordered by the Court, see Clerk's Minutes (Doc. 22), he joined TD Bank in moving for a voluntary dismissal of the action with prejudice.  See id.; Report and Recommendation (Doc. 23).  As a result, on July 5, 2018, the Court entered an Order dismissing this case with prejudice.  See Order (Doc. 27; Dismissal Order).

In the Motion, filed two months after the Court dismissed this action with prejudice, TD Bank seeks an order

> (1) directing him to withdraw his recent motions in state court in this action; (2) directing him to dismiss the new action that he recently filed in state court; and (3) prohibiting him from filing any new lawsuit, motion, or other proceeding against TD or its privies in any forum other than this Court unless he obtains this Court's leave or he is represented by a member in good standing of The Florida Bar.

See Motion at 1.  In doing so, TD Bank notes that Milano has filed three separate essentially identical actions against it all of which have been dismissed.

Milano first filed suit against TD Bank in state court on February 26, 2018, Milano v. TD Bank, No. 16-2018-SC-002068-XXXX-MA (Fla. Cnty. Ct., Duval Cnty.) ("Milano I").

See Motion, Ex. A.[2]  The state court dismissed Milano I without prejudice after Milano voluntarily moved to dismiss on March 19, 2018.  See id., Ex. C.  He filed his second action, again in state court on March 19, 2018, Milano v. TD Bank US Holding Co., No. 16-2018-SC-002817-XXXX-MA (Fla. Cnty. Ct., Duval Cnty.), and TD Bank removed the action to this Court on March 29, 2018, 3:18-cv-00416-MMH-JBT (M.D. Fla.) ("Milano II").  See Milano II, Doc. 2; Complaint at 4; Doc. 1; Notice of Removal.  On June 15 2018, TD Bank filed a Stipulation of Dismissal with Prejudice, stating that both parties had agreed to dismiss Milano II with prejudice.  See id., Doc. 37; Stipulation of Dismissal With Prejudice.  As such, the Court dismissed Milano II with prejudice on June 18, 2018.  See id., Doc. 38; Order of Dismissal.  Milano later initiated the instant action, which the Court will refer to as Milano III.

In all three of these actions Milano complained about the same conduct. "Defendant TD Bank USA N.A. . . . Charged off the Plaintiff's credit card accounts."  See

---

[2] Rule 201(b) of the Federal Rules of Evidence allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Notably, courts may take judicial notice of documents from another proceeding because they are matters of public record and "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010).  However, a "'court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992)).  As such, "a court may take judicial notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." Jones, 29 F.3d at 1553.  Therefore, the Court will take judicial notice of the filings in the other cases Milano has initiated against TD Bank for the limited purpose of recognizing the existence and the status of those actions.  Additionally, the Court will take judicial notice of the dockets in those cases, which are accurate public records.  Although the Court will take judicial notice of the dockets and documents filed to determine that such documents were filed and that the parties and the court took certain actions, it will not take notice of the facts contained within those documents.  See id.; see also Kruse, Inc. v. Aqua Sun Invs., Inc., No. 6:07-cv-1367-Orl-19UAM, 2008 WL 276030, at *3 n.2 (M.D. Fla. Jan. 31, 2008) ("Pursuant to Federal Rule of Evidence 201, the Court is taking judicial notice of the state case and its docket entries, . . . but not of the facts contained in those documents.").

Motion, Ex. A at 1; Milano II, Complaint at 1; Milano III, Complaint at 1. And in all three, he requested the same relief, "a Declaratory Judgement . . . totaling $2,444.00" and "the removal of charge off status with the major credit reporting agencies." See id., Ex. A at 4; Milano II, Complaint at 4; Milano III, Complaint at 7.

According to TD Bank, Milano has also filed a fourth action against it in state court, Milano v. Target Credit Cards / TD Bank USA, N.A., No. 16-2018-SC-008601-XXXX-MA (Fla. Cnty. Ct., Duval Cnty.) ("Milano IV"). See Motion, Ex. P at 3. In that action, Milano asserts a breach of contract claim based on private correspondence between the two parties, a cause that is arguably distinct from the first three actions. See Response at 2; Motion, Ex. P. at 1-2. Shortly after that, on September 6, 2018, TD Bank filed the instant Motion in this Court. See generally Motion. A review of the state court docket reflects that Milano voluntarily dismissed Milano IV a week later on September 13, 2018.

Upon review of the Motion and the record in this action, as well as Milano's related actions, the Court declines to enter the broad post-judgment relief sought by TD Bank in the Motion. In doing so, and without deciding, the Court merely observes that it does not appear that Milano's actions to date are sufficiently egregious to warrant the extraordinary remedy of limiting his right of access to courts. See e.g. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (establishing the standard for curbing abusive litigation that threatens the court's ability to carry out its Article III functions). To the extent TD Bank requests that the Court order Milano to withdraw any filings made in the Milano III state court action after removal to this Court and to dismiss Milano IV, such requests are moot because Milano voluntarily dismissed Milano III with prejudice on June 21, 2018, see Milano III, State Court Docket Doc. 20, and Milano IV with prejudice on September

13, 2018, see <u>Milano IV</u>, State Court Docket Doc. 32. As such, the Motion is due to be denied without prejudice to TD Bank pursuing an injunction later in a separate action should Milano's conduct warrant such relief.

In light of the foregoing, it is hereby

**ORDERED:**

Defendant, TD Bank USA, N.A.'s Motion for Permanent Injunction for Order Barring Relitigation (Doc. 28) is **DENIED, without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of August, 2019.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Copies to:

Counsel of Record
Pro Se Party